## LEACH et al. v. FORNEY.

| | |
|---|---|
| 21 | 271 |
| 96 | 487 |
| 100 | 296 |
| 21 | 271 |
| 117 | 41 |
| 21 | 271 |
| 123 | 47 |
| 21 | 271 |
| 127 | 237 |
| 21 | 271 |
| 133 | 611 |

1. Specific performance: REFUSAL OF WIFE TO JOIN IN CONVEYANCE. When the wife of the vendor refuses to join with her husband in the execution of sufficient deeds to enable him to perform on his part a contract for the conveyance of real estate, the vendee has the option of accepting performance by the husband to the extent of his liability, and the retention of so much of. the purchase-money as shall be proportionate to the utmost possible outstanding or contingent interest not conveyed, without interest; or to refuse such partial title and have his damages for a breach of the covenant.

*Appeal from Marshall District Court.*

MONDAY, OCTOBER 15.

THE plaintiffs purchased of the defendant a part of a lot in Marshalltown for fifteen hundred dollars. They paid one hundred down, and gave their note for the balance, payable on the first day of April following the purchase, and took from defendant his bond for title, by good and sufficient deed with covenants of general warranty, on the payment of the note. At the maturity of the note, the plaintiffs tendered to the defendant the amount due him, and demanded a conveyance according to the terms of the bond. The defendant refused to receive the money or make the deed, but stated that his wife refused. to sign the deed with him, and offered to make his own deed without his wife's signature, or if plaintiffs did not like that, he would pay back the money he had received with ten per cent interest. The plaintiffs refused to accept either, and brought this suit to compel a specific performance. The proof also shows by the defendant's own deposition, that his wife refused to join in the conveyance.

The District Court ordered and decreed the defendant to specifically perform his contract; and that unless his

wife should join in the conveyance, the balance due defendant, which had been tendered and brought into court, should not be paid over to him until he should execute and deposit with the clerk a bond in the penalty of one thousand dollars, with two sufficient sureties, to be approved by the clerk, conditioned to save the plaintiffs harmless from any and all claims by reason of the wife's dower; and ordered the clerk, as commissioner, to make the conveyance for the defendant in case he failed to do so by a time fixed in the decree. The defendant excepted and appeals.

*L. W. Griswold* for the appellant,

*Boardman & Brown* for the appellees.

COLE, J.—This cause was not argued orally, nor have we been so fortunate as to find an argument in print or writing or even a brief of points and authorities.

1. SPECIFIC PERFORM-ANCE: refusal of wife to join in conveyance.

It seems that the only legitimate question presented by the record in the case, is, whether a vendor of real estate may avoid a specific performance of his covenant to convey a good and sufficient title, by showing that his wife, who is entitled to dower therein, refuses to join in the conveyance or relinquish her dower in any manner.

It appears to have been the earlier practice of courts of equity to specifically enforce such contracts, and to require the husband to procure the conveyance by the wife and to imprison him until he did perform his covenant by so doing. *Hall* v. *Hardy*, 3 Pierre Williams, 189 ; *Morris* v. *Stephenson*, 7 Vesey, 474 and cases cited. This ruling was based upon the presumption that the husband had, before he entered into the covenant, first gained the wife's consent for that purpose. Story's Eq. Jur., § 731–735 and authorities cited.

Leach v. Forney.

Mr. Justice STORY, while conceding that there are many precedents for this ruling, most strongly dissents from it upon principle, and cites in support of his views the opinion of Lord ELDON in *Emery* v. *Wase,* 8 Vesey, 514. See also cases cited to section 734 of Story's Eq. Jur. But there are some cases which have gone far beyond the doctrine, as claimed by Judge STORY, and hold that the vendee cannot compel the specific performance of a contract for the sale of land, if the vendor is a married man, and his wife refuses to sign the deed. *Hanna* v. *Phillips,* 1 Grant's cases (Penn.), 253, and cases cited; *Geager* v. *Burns,* 4 Minn., 141; *Weed* v. *Terry,* 2 Doug., 344; see also *Clark* v. *Reins,* 12 Gratt., 98.

The true rule, we apprehend, in cases like the present, is, to give to the vendee the option of accepting performance by the husband to the extent of his ability, and the retention of so much of the purchase-money as shall be proportionate to the utmost possible outstanding or contingent interest not certainly conveyed to him without interest, until the title is perfected; or to refuse such partial title and have his damages for the breach of contract. *Troutman* v. *Gowing,* 16 Iowa, 415. If the vendee accepts the partial title, the vendor ought to have the proportionate consideration therefor. Nor ought the vendee to be compelled to part with his money, except upon receiving the title; he ought not to be required to accept the personal covenant of any person in lieu of the title, though he may do so if he choose, and the defendant consents to give it; and in this case we do not understand the plaintiff as objecting.

The transcript in this case shows that the defendant was married at the time of the contract of sale and at the date fixed for conveyance. As no subsequent statute can enlarge the dower interest in this particular real estate, to the prejudice of the purchaser, the plaintiff, and as

that interest as then and now fixed by statute is one-third in fee (vide Laws of 1862, p. 173), the plaintiff should be permitted, in case he accepts the conveyance by the husband alone, to withdraw and retain one-third of the entire purchase price until the title is perfected, without interest, a lien being reserved on the land for the unpaid purchase price; or he may, if he choose, and the defendant assent, pay the same over and take personal security therefore, as provided by the decree.

The judgment of the District Court will be modified so as to accord with this opinion, and will be remanded, to afford plaintiff an opportunity to elect his relief.

The appellees will pay costs in this court.

Modified and affirmed.