Zebley v. Sears.

REVERSED.

---

ZEBLEY v. SEARS ET AL.

1. **Promissory notes**: EXECUTED AS PURCHASE PRICE OF LAND. In an action upon a promissory note executed for the whole or a part of the purchase price of land, which the payee covenants to convey upon its payment, the grantor cannot recover without showing performance on his part, either by tender of deed or offer to convey.

2. ———: SPECIFIC PERFORMANCE: EFFECT OF REFUSAL OF WIFE TO CONVEY. Under a contract to convey real estate, if the wife refuse to join in the conveyance the vendee may either elect to take a deed executed by the vendor alone and bring his action for a breach of covenant, or he may accept such deed as part performance and retain so much of the purchase money as shall be proportionate to the wife's contingent interest.

3. ———: RIGHTS OF INDORSEE. Where the note falls due at the time the conveyance is to be made, the indorsee of such a note before maturity with full knowledge of the contract and of the non-joinder of the wife therein, takes it charged with the equities of the vendee. *Aliter*, if the note mature before the time of conveyance, the note being in that case independent of the covenant to convey.

4. ———: LIEN OF HOLDER OF NOTE. The holder of such a note has a lien on the land for the balance due after deducting the value of the wife's interest, and may enforce the same by foreclosure and sale.

*Appeal from Scott Circuit Court.*

TUESDAY, JUNE 16.

THIS action is brought against the administrator of the estate of William W Sayles, deceased, for a specific performance of a

contract to convey certain lands to the plaintiff, made by said deceased in his lifetime; and against the defendant, Eunice G. Sears, the holder of the last note given by plaintiff for the purchase money of the land, to obtain a deduction of a part thereof. Eunice G. Sears filed a cross bill to require the plaintiff to pay the note in full before having a decree for specific performance, etc. The court rendered judgment for plaintiff for specific performance, and also a personal judgment for Eunice G. Sears against the plaintiff for the full amount of the note held by her. Both parties appeal.

*Davidson & True*, for plaintiff.

*Cook, Richman & Bruning*, for defendant.

MILLER, CH. J.—I. William W. Sayles, a married man, on the 19th day of July, 1869, executed to the plaintiff a written contract for the conveyance to him of certain lots in Scott county, Iowa. At the same time the plaintiff paid a part of the purchase price in cash and made and delivered his three negotiable promissory notes for the balance, the last note maturing July 19th, 1870. The notes were all dated and payable at Moline, in the State of Illinois. The condition of the contract or bond was, " that if the said Jonathan Zebley shall pay said promissory notes at maturity, and shall in the meantime pay all taxes on said lands, and the said William W. Sayles shall, upon the completion of said payments, make, execute and deliver, or cause to be made, executed and delivered, a good and sufficient deed to said Jonathan Zebley for said lot or tract of land this obligation to be void, otherwise to remain in full force and virtue." The contract was not signed by Sayles' wife. The plaintiff, upon the making of the contract, took possession of the property and has ever since held the same. The first two of the notes were paid, and in January, 1870, (prior to the maturity thereof) Sayles negotiated and indorsed the last note to his mother, the defendant, for full value, to enable him to raise money to go South for his health. Both Sayles and Mrs. Sears resided at Moline, Illinois, at the. time of the sale of the lots and the negotiation of the note

At the time of the transfer of the note, Sayles informed the defendant that it was the last of the notes mentioned in the bond, and given for part of the purchase money for the lots, and that all of the other notes had been paid.  She also knew that Sayles was a married man at the time of making the bond for the conveyance of the lots; that his wife had not signed the bond, and that she was still living.  About the 20th day of February, 1870, Sayles died in the State of Louisiana.  On the 20th day of August, 1871, Della M. Sayles, the widow of Wm. W. Sayles, deceased, commenced an action in the Circuit Court of Scott county, in which her dower in the lots agreed to be conveyed to the plaintiff was finally established.  Plaintiff bought the widow's interest from her after it was established for $635, and paid $91.50 attorney's fees, and he now seeks to have these sums deducted from the amount of the last note.  The question for determination, therefore, is whether, under the facts above stated, he is entitled to such deduction or set off.

It is settled by the decisions of this court that where a promissory note is executed for the whole or part of the purchase price of land, which is to be conveyed upon payment of such note, the acts are so far dependent that the grantor cannot recover in an action on the note, without showing a performance on his part by the tender of a deed, or an offer to convey upon payment. *School District v. Rogers,* 8 Iowa, 316; *Berryhill v. Byington,* 10 Id., 223.

1. PROMISSO-RY NOTE: executed as purchase price of land.

It is also settled that, under a contract to convey real estate upon final payment of the purchase money, if the wife of the vendor refuses to join with her husband in the execution of a sufficient conveyance to enable him to perform his contract, the vendee may, at his option, refuse to take a deed executed by the vendor alone, and bring his action for a breach of the covenant, or he may accept such deed as part performance, and retain so much of the purchase money as shall be proportionate to the outstanding contingent interest of the wife. *Troutman v. Gowing,* 16 Iowa, 415; *Leach v. Forney,* 21 Id., 271; *Presser v. Hildebrand,* 32 Id., 483.  If, therefore, this

action had been between the original parties to the note, there would be no question as to the right of the purchaser to have a deduction made on the last note falling due, of the value of the wife's outstanding contingent interest. Does the same right exist against the indorsee of the note in this case? We think this question must be answered in the affirmative. The evidence shows very satisfactorily that the defendant, who was the mother of the payee of the note, at the time she purchased the same knew that it was given by the plaintiff as the last payment for land purchased by him from the payee; that her son had entered into a written contract to execute a deed to plaintiff for the land upon the payment of this note; that her son was a married man at the time of making such contract to convey, and that his wife had not joined him in such contract, and was then living.

Taking the note with knowledge of these facts, she is charged with knowledge of the legal right of the maker of the note to

2. ——; specific performance: effect of refusal to convey.

insist upon a complete conveyance by the grantor and wife, or to accept the deed of the grantor alone and retain so much of the purchase money as shall be equivalent to his wife's interest. This right of the maker and vendee, was an equity which attached itself to the note in the hands of the payee that could be made available in an action on the note by him. The indorsee of the note, with full knowledge of the facts out of which this equity arises, can occupy no better position than the payee thereof. Of course a negotiation of the note before maturity to a *bona fide* holder for value without notice, would discharge the note of this equity in the hands of such holder. But not so where the purchaser of the note takes the same with notice of this equity.

Defendant cites the case of *Bates v. Kemp*, 13 Iowa, 223, as holding a different doctrine. We are of the opinion that, rightly understood, that case is in harmony with the views above expressed. The note sued on in that case was executed to one Lyon, or order, of date October, 1856, payable in one year thereafter. Lyon, by his contract, agreed to convey to the maker certain real estate on the payment of this and another note for the same amount, due in October, 1868, given for the purchase

money; both notes were due at the time suit was brought, and it was alleged that Lyon had conveyed the real estate to one Turner, and thereby put it out of his power to convey according to the terms of his contract. It was not shown that the second note was due when the note sued on, being the first one, was transferred to Bates, nor that Lyon did not then have a good title. The court say that "*this note, maturing as it did before the conveyance was to be made, was independent of the covenant to convey.*" There was then no equity attached to the note at the time of its transfer, as in the case before us, or as would have been in that case, if the note sued on had been the one maturing at the time the conveyance was to be made. The plaintiff was held entitled to recover on the ground that the obligation to pay the money named in the note, was independent of the covenant to convey, and that an equity arising in favor of the maker of the note, after its transfer, could not in such case be set up in an action on the note. That case supports the doctrine before announced as we view it. See also *Campbell v. Busch*, 9 Iowa, 337. On examining the other cases cited by defendant we fail to find a contrary doctrine declared.

3. ——: rights of indorsee.

II. On the trial the court below refused to establish the judgment rendered in favor of the defendant as a lien on the land contracted to be conveyed to the plaintiff. Of this the defendant complains. The deduction to which the plaintiff claims he is entitled, is less than the amount due on the note, so that a judgment for the balance must be rendered for defendant, and for which he is entitled under the statute, (Revision, §§ 3671, 3672), to a lien upon the land of which this is a part of the purchase price. Under these sections the vendee of real estate, when part of the purchase money remains unpaid after the time fixed for payment, may proceed as in case of the foreclosure of a mortgage. The vendor is to be treated as the mortgagee with all of his rights, and the purchaser as the mortgagor, and his rights may be foreclosed in a similar manner. The vendor's lien for the purchase money, like the lien of a mortgage, may be

4. ——: lien of the holder of the note.

enforced against the land by foreclosure and sale thereof on special execution.

The assignee of the note given for the purchase money by the holder of the bond has the same rights and remedies as the payee, and may bring suit in his own name to foreclose the bond or contract. *Crow, McCreary & Co. v. Vance*, 4 Iowa, 434; *Rankin v. Major*, 9 Id., 297; *Blair & Co. v. Marsh*, 8 Id., 144; *Guest v. Byington*, 14 Id., 30. The right of the plaintiff, in such case, is not limited to a personal judgment. The court should also have decreed a foreclosure and sale of the interest of the vendee to satisfy the judgment.

The judgment of the court will be so modified as that the defendant, Mrs. Sears, shall have judgment for the principal and interest due on the promissory note, less the sums paid by plaintiff to extinguish the dower interest of the widow of W. W. Sales, deceased, and a decree of foreclosure against the land in the usual form. With this modification the judgment will be

AFFIRMED.