MILLER ET AL. v. NELSON.

1. **Contract for Sale of Land:** SPECIFIC PERFORMANCE: EVIDENCE ANALYZED AND WEIGHED. The conflicting evidence of the parties to an action for the specific performance of an oral contract to convey land analyzed and weighed, and *held* to preponderate in favor of plaintiffs' theory, that defendant accepted a certain district township bond in part payment for the land.

2. **School District:** BOND OF: PROOF OF INVALIDITY: WHAT IS NOT. The bond of a district township is not shown to be invalid by proof only that the district was indebted beyond the constitutional limit when the bond was issued, for it may have been given in payment of a judgment against the district, and thus be binding upon the district, under the doctrine of *S. C. & St. P. R'y Co. v. Osceola Co.*, 45 Iowa, 168, and 52 Id., 26.

3. **Evidence:** ADMISSION OF BOND IN COLLATERAL ACTION WITHOUT PROOF OF EXECUTION. Where the bond of a school district was taken in part payment for land to be conveyed, in an action to compel a conveyance it was no valid objection to the admission of the bond in evidence that its execution by the school district had not been established. It was enough to show that it was the identical bond accepted by the defendant in part payment.·

4. **Contract to Convey Land:** REFUSAL OF WIFE TO JOIN IN CONVEYANCE: RIGHTS OF VENDEE. The doctrine of *Leach v. Forney*, 21 Iowa, 271, and *Presser v. Hildenbrand*, 23 Id·, 483, defining the rights of the obligee in a bond for a deed, in case the wife of the obligor refuses to join in the conveyance, followed and approved.

*Appeal from Lyon District Court.*

THURSDAY, OCTOBER 9.

ACTION for the specific preformance of an oral contract whereby the defendant agreed to convey to the plaintiff certain real estate. ·Trial to the court, judgment for the plaintiff and the defendant appeals.

*Kennedy Bros.*, for appellant.

*Van Wagner & McMillen*, for appellees.

SEEVERS, J.—I. The defendant was the owner of certain real estate which he, as the plaintiffs claim, agreed to sell and

1. CONTRACT: for sale of land: specific performance: evidence analyzed and weighed.

convey to them. There is no dispute as to the description of the land or the amount of the consideration, and the contract was certain and clear in every respect, if any part of the consideration was paid by the plaintiff and accepted by the defendant, so as to take the case out of the statute of frauds. Both parties agree that the contract was that the plaintiffs were to pay,

and the defendant accept, absolutely or conditionally, as part payment of the consideration, a certain bond executed by Riverside district township. The defendant claims that he did not accept the bond as part payment, but for the purpose of ascertaining whether it was valid or not; and he claims that the bond is worthless, and that he returned it ten or twelve days after he received it. Substantially, there are but three witnesses who testify as to the contract, and as to whether the bond was received in part payment or not; and they are the two plaintiffs and the defendant. The plaintiffs claim that the contract was made in their office, and was subject to a single condition; and that was, that one of the plaintiffs and the defendant were to look at the land the next day, and, if it was ascertained to be as good as the plaintiffs remembered it to be, then the sale should be regarded as completed. Both the plaintiffs so testify, and that the defendant agreed to take the bond in part payment. The next day the parties looked at the land, and plaintiffs agreed to take it, and the bond was delivered to the defendant. At this time but one of the plaintiffs and the defendant were present. These parties seem to be of equal credibility, and counsel seem to so concede. With whom, therefore, is the preponderance of the evidence? Clearly with the plaintiffs as to the transaction in the office; but there was no completed contract made at that time, and either party had the right on the next day, when they saw the land, to say that they had concluded not to complete the contract. In other words, the defendant could well say: I have concluded not to accept the bond in part payment, but will take it for examination, and will hereafter determine whether I will accept it in part payment or not. We have read the evidence of the defendant with great care, and we are unable to find that he testifies that he had concluded at any time, after the conversation in the office, that he would not accept the bond in payment, or that he so informed the plaintiffs, or either of them; nor do we understand the plaintiffs to claim there was any change made in the contract after

the parties left the office. The claim of the plaintiffs is that the bond was delivered in pursuance of the contract made in the office. This the defendant denies. Now, as to this question, there are two credible witnesses against one. The defendant having contracted to take the bond in payment, and failing to indicate, when it was delivered, that he had concluded not to accept it in payment, but to take it for examination, we think the presumption must be indulged that he accepted it as he had contracted. Besides, we are unable to see why the defendant required the bond for the purpose of determining whether it was valid or not, and whether it was of any value. We therefore think that the preponderance of the evidence is that the bond was received in part payment for the land.

II. It is urged that the contract is inequitable, because it appears that the bond is worthless, and therefore specific

2. SCHOOL district: bond of: proof of invalidity: what is not.

performance should not be decreed. The defendant agreed to accept the bond in payment, and it purports on its face to be of the value of $500. The ground upon which the claim is made that it is worthless is, that the district township was indebted beyond its constitutional limit when it was issued. The burden to show that the bond was worthless was on the defendant, and, for aught we can say, it was given in payment or satisfaction of a judgment against the district township. If so, then, for aught we can see, the district township is bound to pay, and cannot now set up the invalidity of the bond. *S. C. & St. P. R'y Co. v. Osceola County,* 45 Iowa, 168; *The Same v. Same,* 52 Id., 26.

III. The plaintiffs introduced the bond in evidence, to which the defendant objected on the ground that its execution by the school district had not been estab-

3. EVIDENCE: admission of bond in collateral action without proof of execution.

lished. The defendant, as we have seen, agreed to take this particular bond; and on his own theory he took it for the purpose of determining its value. At no time did he plead or claim the bond had

not been duly executed until it was offered in evidence.   We do not think, under the circumstances, that plaintiffs were bound to prove it had been executed by the district township. The defendent got precisely what he contracted to take.   The bond on its face purported to have been issued by the district township.   Besides this, we are unable to see that the defendant was prejudiced by the admission of the bond in evidence. If it had not been so introduced, the plaintiffs would have been entitled to judgment.

IV.   The defendant insists no sufficient tender was made. But we think he has no just cause for complaint in this respect.   The contract did not purport to bind the defendant's wife, and objections are made to the form of the decree in this respect, but we understand the decree is in accord with *Leach v. Forney*, 21 Iowa, 271 and *Presser v. Hildenbrand*, 23 Id., 483.   The costs were taxed to the plaintiffs, and they ask a correction of the decree in this respect.   But this we cannot do, because they have not appealed.