CHAS. W. THOMPSON v. E. E. COLBY, Appellant.

**Specific performance:** FORFEITURE: BURDEN OF PROOF. A contract
1 for the sale of land providing that the vendor should have the right to declare a forfeiture for default in payments, is not terminated *ipso facto* by such default, but the vendor must declare a forfeiture, and he has the burden of showing such declaration.

**Laches.** In a suit for specific performance laches must be
2 pleaded.

**Refusal of wife to convey:** DECREE. In a suit for specific per-
3 formance, refusal of the wife to join in a conveyance will authorize a decree directing the vendee to retain one-third of the purchase price until she conveys or there is a further order of court.

*Appeal from Humboldt District Court.*— HON. A. D. BAILIE, Judge.

FRIDAY, APRIL 7, 1905.

SUIT in equity for the specific performance of a contract to convey real estate. There was a decree for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Prouty, Coyle & Prouty,* for appellant.

*G. S. Garfield* and *Healy Bros. & Kelleher,* for appellee.

SHERWIN, J.— On the 1st day of September, 1891, the parties hereto entered into a written contract whereby the appellant agreed to convey to the plaintiff certain land for the sum of $3,000, $300 of which was paid at the time, and the balance of which was payable in annual payments of $225 each, on the 1st day of March, 1903, and thereafter, with interest thereon at 8 per cent. per annum, payable annually. The contract provided that time was of the essence thereof, and that if there was a failure to make the payments as agreed, or any of them, the defendant should have the right to declare the contract void, and, at his election, to terminate the plaintiff's rights thereunder.

The law applicable generally to actions for the specific performance of contracts for the conveyance of real estate is settled by many decisions of this and other courts, and we need not again call particular attention to the cases, or to the principles of law involved herein. The controlling feature of the case is presented by the facts, and to those we shall now briefly refer. It is conceded that the plaintiff did not make payments according to the contract after the first one which was due and paid, on the 1st day of March, 1893. Nothing was paid on the 1st day of March, 1894, but on the 14th day of the month the plaintiff paid $100, which was accepted by the appellant without question. Another payment of $100 was made on the 15th day of September of the same year. Nothing was paid March 1, 1895, but on the 5th day of the month $100 was paid, and in November following $300 was paid and accepted. No further payments were made, as we understand the record; but it is shown that between the time of the last one and the time of the service of the written notice, to which we shall again refer, there were conversa-

1. FORFEITURE: burden of proof.

tions between the parties hereto and between the appellant and the plaintiff's father relative to the payments due and unpaid. At this point, however, harmony in relation to the facts ceases, and a sharp conflict relative to the substance of the conversations begins; the plaintiff and his father testifying to facts which, if true, would constitute a waiver of the strict provision of the contract, and the appellant testifying that he was all of the time insisting on the payments due, and threatening a forfeiture if they were not met. The plaintiff took possession of the land soon after the contract was executed, has retained it ever since, and has made valuable improvements thereon, with the knowledge of the appellant. At the time this suit was brought, the land was much more valuable than it was when the contract was made; the increase in value having taken place within a year or two prior thereto. On the 17th day of January, 1902, the plaintiff served a written notice on the appellant; demanding a conveyance of the land, and making a tender of the amount due under the contract. The appellant refused to accept the money and convey, and on the 7th day of February following this suit was brought. On the 26th of the same month the appellant served on the plaintiff a notice of forfeiture. It will be noticed that the contract under consideration gives only the right to declare a forfeiture for the non-payment of the sums agreed upon, and the failure to make such payments at the time stipulated did not *ipso facto* work a forfeiture of the contract. Further action was necessary, and, if the vendor did not in fact declare a forfeiture, even though the right to do so existed, the vendee has lost no rights on account of his failure. *Gaughen v. Kerr,* 99 Iowa, 214; *Armstrong v. Pierson,* 5 Iowa, 317; *Struble v. Allin,* 110 Iowa, 101. While it is conceded that the plaintiff was in default for years, it is also conceded that during the greater part of the time the appellant had declared no forfeiture. The burden of proof is on him to show a forfeiture, and that he was diligent in exercising the right. *Blair Town*

Lot & Land Co. v. Hillis, 76 Iowa, 246; Gaughen v. Kerr, supra. We reach the conclusion that the defendant has failed to sustain this burden.

It is contended further that the appellant abandoned the contract and took a lease of the land from the defendant, but the evidence on which this claim is based does not satisfy us of the truth thereof. The question of laches in bringing this suit is not in issue. To be available, it must be pleaded. Golden v. Hardesty, 93 Iowa, 622.

2. LACHES.

The appellant's wife refused to join in the deed, and the decree below authorized the retention of one-third of the amount found due under the contract until she makes conveyance of her contingent interest, or until further order of the court. There was evidence tending to show the present value of the land, and the statute fixes the wife's interest therein; hence we think the order a proper one. Bradford v. Smith, 123 Iowa, 41; Leach v. Forney, 21 Iowa, 271.

3. REFUSAL OF WIFE TO CONVEY: decree.

The judgment is Affirmed.