ROACH *v.* RICHARDSON.

Opinion delivered July 15, 1907.

1. PLEADING—AMENDMENT TO CONFORM TO PROOF.—Where, without objection on plaintiff's part, defendant directed his evidence to an issue not raised by the answer, and the trial court treated the issue as thus joined, the answer will be treated on appeal as amended to correspond with the proof. (Page 41.)

2. SALE OF LAND—RIGHTS OF VENDEE.—One who holds a bond for title to land has an equitable title which is descendible by inheritance, devisable by will and alienable by deed as if it were an absolute estate at law, subject to the rights of the vendor. (Page 41.)

3. HUSBAND AND WIFE—TENANCY BY ENTIRETY.—Where a husband and wife purchased land and took a bond for title to themselves, they became seized of an equitable estate by the entirety, and the survivor, upon payment of the purchase money, was entitled to the fee. (Page 42.)

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

## STATEMENT BY THE COURT.

This suit was brought by appellant against appellees in the Clay Chancery Court. The complaint alleged that on the 29th day of June, 1887, John Whitson died seized in fee of a certain tract of land in Clay County, which is described in the complaint; that Whitson left Sallie Whitson his widow, and the appellant his sister and sole heir at law; that at the time of his death Whitson owed a balance of the purchase money on said land, which the widow paid, taking the deed to herself; that she married one Cole, and after he died she married Ed Richardson; that she remained in possession of the land with her husband, Richardson, until her death in 1902; that before her death she attempted to convey said land by will to Ed Richardson for life, with remainder to Jessie Miller Richardson, Rosette Richardson and Fred Cole; that Richardson was in possession of the land by his tenant, and had received the rents and profits therefrom since the death of his wife, which amounted to $500. Appellant prayed that the deed to Sallie Whitson be cancelled, and that she have judgment for $500, the rents and profits. The appellees denied that John Whitson died seized and possessed of the land mentioned, denied that Whitson had purchased the land, and alleged that Sallie Whitson had purchased the land, admitted that John Whitson died leaving Sallie his widow and appellant his sole heir, alleged that Sallie Whitson paid a part of the purchase money prior to the death of John Whitson, and after his death that she paid the balance with her own means. The marriage of Sallie Whitson, then Cole, with Ed Richardson is admitted, also that she remained in possession of the land until her death, also that she executed the will as alleged in the complaint; but it is denied that Ed Richardson received the rents and profits since his wife's death.

The answer of the minors was through their guardian *ad litem,* and denied all the allegations of the complaint. The court, after hearing the evidence, found generally in favor of appellees, and rendered judgment accordingly, quieting their title as against the appellant.

*J. L. Taylor* and *F. G. Taylor,* for appellant.

1. Whitson had an equitable interest in the land which he could perfect into legal title by paying the balance of the pur-

chase money. His widow's interest was in effect a life estate, which she could protect by paying the balance of purchase money, but she could not thereby obtain the legal title against Whitson's heirs. As to them she would hold as trustee. 35 Ark. 84; 47 Ark. 287; 72 Ark. 456.

2. Defendants are bound by the allegations in their answer, and they will not be permitted to take advantage of inconsistent positions. 14 Ark. 166; 32 Ark. 470; 64 Ark. 213.

3. A contract for sale of land to a husband and wife does not create an estate of entirety. There must be a conveyance. Devlin on Deeds, § 8; 29 Ark. 202; 47 Ark. 111; 61 Ark. 388. It must be by deed or devise. A contract of sale or bond for title is not a conveyance. *Supra;* Tiedeman, Real Prop. § 242; 29 Ark. 202; 67 Ark. 184.

*D. Hopson,* for appellees.

1. The evidence clearly shows that Gregson sold the land to John and Sallie Whitson and put them in possession, executing to them a bond for title. They thereby became the equitable owners. The vendee under a bond for title has the same interest in the estate as a mortgagor before foreclosure. 13 Ark. 534; 27 Ark. 61; 29 Ark. 357; 66 Ark. 167; 4 Kent. 160; 15 Ark. 188; 75 Ark. 52.

2. On the question of estates of entirety, authorities cited by appellant only hold that where land is conveyed to husband and wife such conveyance creates an estate by the entirety, which is true. Such an estate may be created, not only by deed or devise, but also by instrument of gift or purchase, and even by inheritance. 3 Blackstone, Com. 182; 9 Am. & Eng. Enc. of L. (Ed.), 851. See also *Id.* 850, note; Stuart's Husband & Wife, § 305; 5 Mass. 321. It arises from the legal unity of husband and wife, regardless of the kind of estate or the mode by which it is cast upon them. 36 Am. St. Rep. 65; 2 Kent, § 132; 30 L. R. A. 305, note; 61 Ark. 388.

3. Appellant can not complain that appellee's answer and proof are inconsistent. The evidence was taken and directed to the issue as to the sale to Whitson and wife without objection, and the answer will be treated as amended to correspond with the proof. 43 Ark. 451; 54 Ark. 289; 59 Ark. 215.

WOOD, J., (after stating the facts.)  The contention of appellees that Sallie Whitson bought the land from the owner, W. C. Gregson, and paid for same with her own means, has no evidence in the record to support it.  As to whether or not the land in controversy was purchased by John Whitson alone, or by him and his wife jointly, is purely a question of fact, Witnesses for appellant testified that Whitson told them, soon after he had taken possession of the land in controversy, that he had bought the same and was to pay $600 for it in installments, The best evidence to support the contention of appellant is that of the witness Taylor, who said that he thought that he drew up the papers concerning the purchase of the land, but was not sure about it, and did not state it as a fact.  He was the attorney of Gregson, the owner, and transacted a great deal of business for him.  He says that Gregson and Whitson talked over with him the matter of the sale of the land by Gregson to Whitson; says that the consideration was $600, and that the first payment was made in live stock.  He did not write the deed, but thought he wrote the bond for title and the notes for the balance of the purchase money.  He says that there was nothing said by either Gregson or Whitson that went to show that Sallie Whitson was a party to the contract.  There were only two parties to the contract, and they were John Whitson and W. C. Gregson.  That one of the reasons for his definite recollection was that he wanted to buy the land himself, and before he could get in shape to buy it Whitson bought it.  The above, with proof to the effect that Sallie Whitson owned no property at the time she intermarried with John Whitson, is the evidence upon which appellant relies to have the deed which was executed to Sallie Richardson, formerly Whitson, cancelled.  Appellees, to support their contention that the sale of the land was made to John Whitson and his wife, Sallie, jointly, had the testimony of Mrs. Ingram, who was appellant's witness, to the effect that she was once the wife of Gregson, that her husband sold the land in controversy to John Whitson and Sallie Whitson, that to the best of her recollection there were three payments, that she thought John and Sallie Whitson gave their notes for the deferred payments.  After John Whitson died, Sallie, who had then married another man, paid the last of the purchase money, and Gregson and witness, his wife, made her a deed to the land

in controversy. Appellee Ed Richardson testified that he had seen and read a bond for title, or an agreement for the sale of the land in controversy, made by W. C. Gregson and S. E. Gregson to Sallie and John Whitson, and also two notes of two hundred each, executed by Sallie Whitson and John Whitson to Gregson for part of the purchase money; that these papers were in the possession of his wife, who was formerly Sallie Whitson, and that he and his wife, not considering them of any value, destroyed them. In view of this testimony, we can not say that the finding of the chancellor was clearly against the preponderance of the evidence. In the sharp conflict of the testimony and the difficulty of ascertaining the real facts by a preponderance of the testimony, we shall treat the finding of the chancellor as persuasive, and sustain it.

The testimony on behalf of appellees did not tend to show that the land was conveyed to Sallie Whitson solely, as was set up in her answer. But the testimony was taken, and without objection was directed to the issue of whether or not the land was conveyed to her and her husband, Whitson, jointly. The court below so treated the issue as thus joined on the proof, and after judgment we will treat the answer as amended to correspond with the proof. *Sorrels* v. *Self,* 43 Ark. 451; *Railway Co.* v. *Triplett,* 54 Ark. 289; *Texarkana Gas, etc., Co.* v. *Orr,* 59 Ark. 215.

Did the bond for title or contract of sale convey to John Whitson and his wife an estate in entirety? In *Strauss* v. *White* 66 Ark. 167-170, this court said: "It has been uniformly held by this court that when the owner sells land, takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage, as effectually as if the vendor had conveyed the land by an absolute deed to the vendee and taken a mortgage back to secure the purchase money. * * * It follows, then, * * * that the vendee, in analogy to the mortgagor, is the owner of an equity of redemption, and that his is the real and beneficial estate which is descendible by inheritance, devisable by will, and alienable by deed precisely as if it were an absolute estate of in-

heritance at law, subject, of course, to the rights of the vendor." (Citing and quoting previous opinions.)

One who holds bond for title from the holder of the legal title has an equitable estate in the land so conveyed to him. In equity he is the real owner, but subject to have his interest defeated or taken away if he fails to comply with the conditions of the bond. *Norman* v. *Pugh,* 75 Ark. 52. Here it is not pretended that the conditions of the bond were not fulfilled by Whitson and his wife. The deed to her after the death of her husband evidenced the conveyance of the entire estate, which was hers by right of survivorship at his death. "If an estate in land be given to the husband and wife, or a joint purchase be made by them, during coverture, they are not properly joint tenants, nor tenants in common, for they are but one person in law, and can not take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole. This species of tenancy arises from the unity of husband and wife, and it applies to an estate in fee, for life or for years." 2 Kent's Com. 132. See *Branch* v. *Polk,* 61 Ark. 388; *Shaw* v. *Hearsey,* 5 Mass. 521.

It follows that the decree of the court denying the relief prayed by appellants was correct, and the same is affirmed.

HILL, C. J., (dissenting.) This evidence, taken as a whole, convinced me that the claim that the deed in question was jointly made to the husband and wife was an afterthought, and is not sustained by a preponderance of the evidence.