VAUGHAN *v.* BUTTERFIELD.

Opinion delivered February 10, 1908.

SALE OF LAND—REFUSAL OF WIFE TO RELINQUISH DOWER—DAMAGES.—When one bargains and sells real estate, and is unable to secure his wife's

relinquishment of dower, he fails to make a marketable title, which his contract calls for, and is liable for damages in an action at law for a breach of his contract.

Appeal from Pulaski Circuit Court; *Edward W. Winfield*, Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee sued appellant on a contract which provided: "That the said party of the first part has this day bargained to sell unto said party of the second part, and unto her heirs and assigns, the following described real estate, situated within the county of Pulaski, State of Arkansas, to-wit: lot three (3), block ten (10), in the town of Argenta, for the price and sum of three thousand five hundred dollars ($3,500), of which the said party of the second part has paid ten dollars ($10) cash in hand. It is to be understood and agreed that the said party of the second part is to pay the party of the first part $175 commission, and that the party of the first part is to furnish the party of the second part with an abstract. Party of the second part is to pay for attorney's opinion on the abstract." This agreement was entered into between appellant through his agent, the Mercantile Trust Company, and the appellee. Appellee alleged that she had been ready at all times to carry out the contract, and tendered in her complaint the purchase price of the land. She alleged that the appellant refused to carry out his part of the contract, and that, on account of the breach, appellee was damaged in the sum of $1,500, for which appellee asked judgment.

Appellant denied that there was any breach of the contract on his part, said that he "executed and tendered to appellee a deed duly executed by himself, but that his wife refused to sign said deed and to relinquish her dower in said land." Appellant alleged that it was impossible for him to get his wife to sign the deed and to relinquish her dower rights in said land, and says that the deed he tendered and still offered to make was a compliance with his contract.

The cause was submitted to the jury upon evidence and instructions. There was a judgment for appellee, and this appeal taken.

*Carmichael, Brooks & Powers*, for appellant.

1. The deed tendered by appellant, containing covenants of warranty so far as he was concerned, was a compliance with the contract, and it was not essential to full compliance that the wife join therein and release her right to dower. 85 Am. Dec. 385; 69 Ohio, 450; 68 Ohio, 450, and cases cited; 44 Ill. 302.

2. Before a right of action accrued to appellee against appellant, it was necessary that he show eviction or its equivalent. 81 Ill. 344; 3 Gilm. 162; 17 Ill. 185; 27 Ill. 479; 51 Ill. 373; 36 Ill. 65; 49 Am. Dec. 189; *Id.* 144 and cases cited; *Id.* 46; 48 *Id.* 279; 59 Ark. 633.

3. Inchoate right of dower is not such an incumbrance on the title of the husband in real estate as is inconsistent with the passing of the fee. 53 Ark. 279; 38 Ark. 487; 54 Fed. 209; 25 Minn. 462; 142 Ill. 388; 20 Mich. 384; 75 Ala. 297; 136 Ill. 18; 32 Ark. 444; 21 Ark. 45; 55 Ark. 236; 48 Am. Dec. 759; 5 Va. 42; 3 Paige, 363; 11 Humph. 429; 339 Am. Dec. 501; *Id.* 219; 78 Ill. 16; 3 Md. Ch. 141; 5 Conn. 317.

*J. W. & M. House,* for appellees.

1. This is not a suit for specific performance, but an action for damages. Authorities cited by appellant to sustain his first proposition either have no application whatever to the facts in this case, or else sustain appellee's contention. See 25 N. J. Eq. 158; 73 Pa. 485; 2 Stockt. 401; 18 N. J. Eq. 124. In every contract to sell land there is an implied warranty that a good title will be conveyed, unless the contract expressly provides otherwise. A title subject to the wife's dower is not marketable, and appellee is, under the contract, entitled not only to a good title, but to one that is marketable. 18 N. J. Eq. 128; 66 U. S. 450; 27 Pac. 108; 17 Am. St. Rep. 635; 9 N. Y. 535; 49 N. Y. 485; 63 Ark. 551; 12 Am. St. Rep. 844; 64 Ala. 193; 14 Gratt. 117.

2. It is true that eviction would be necessary before a right of action would accrue, where the contract is executed; but this is not an executory contract, and different principles apply. 11 Ark. 75.

3. Where a man agrees to sell land and his wife refuses to relinquish dower, he is unable to convey a good title, and an action for damages will lie. 70 Am. Dec. 453; 89 *Id.* 574 and

note 577-579; 48 *Id.* 775; 17 Ala. 298; 63 Ark. 555; 38 Ia. 509; 28 Tex. 534.

WOOD, J., (after stating the facts). The only question presented for our consideration is whether a warranty deed executed by appellant which his wife refused to sign, relinquishing her rights of dower, was a compliance with the contract.

This is not a suit in equity for a specific performance of the contract, nor is it a suit by one in possession under an executed contract for breach of the covenants of warranty in his deed; nor is it a suit by one in possession under an executory contract to convey. When these distinctions are borne in mind, it will be seen that there is no real conflict between the authorities cited and relied on by appellant, and the doctrine that dower in real estate is an incumbrance upon the title. When one bargains and sells real estate, and is unable to secure his wife's relinquishment of dower, he fails to make a marketable title, and is liable for damages in an action at law for a breach of his contract.

This court in an early case says: "There is a very marked distinction between executed contracts, where the vendee has accepted a deed and entered into possession, and an executory contract, where the vendee is called upon to approve and accept a title in affirmance and completion of such contract. When he has accepted a title, he is presumed to have examined the evidences thereof, and held them sufficient; and, in the absence of fraud, must, in most cases, rely upon covenants of warranty, and show that he has been evicted, before he is heard to complain. But the case is very different where, under an executory contract, the vendor presents his title. The vendee is put upon inquiry, and has a right to demand such title as he contracted for. The title offered should be clear and free from incumbrance, doubt or suspicion." *Yeates* v. *Pryor,* 11 Ark. 75. The correct doctrine is stated in *Zebley* v. *Sears,* 38 Ia. 509, as follows:

"Under a contract to convey real estate upon final payment of the purchase money, if the wife of the vendor refuses to join with her husband in the execution of sufficient conveyance to enable him to perform his contract, the vendee may, at his option, refuse to take the deed executed by the vendor alone, and bring his action for breach of contract, or he may accept such deed as a part performance and retain so much of the

purchase money as shall be proportionate to the outstanding contingent interest of the wife."

The appellant's contract called for a marketable title, which the proof showed he was unable to convey. Appellee was therefore entitled to any damages which she sustained by reason of this breach of the contract. *Cross* v. *Everts,* 28 Tex. 534; *Wright* v. *Young,* 70 Am. Dec. 453; *Leach* v. *Forney,* 89 Am. Dec. 574; *Greenwood* v. *Ligon,* 48 Am. Dec. 775; *Parks* v. *Brooks,* 16 Ala. 529; *Springle's Heirs* v. *Shields,* 17 Ala. 298. See *Smith* v. *Howell,* 53 Ark. 287.

The judgment is correct, and it is affirmed.