## HIRSCHMAN v. FOREHAND.

Opinion delivered October 19, 1914.

1. SPECIFIC PERFORMANCE—DEFECTIVE DESCRIPTION—STATUTE OF FRAUDS. —In a contract of sale, land was described as "Lots 8, 9 and 10, block 13, H's. addition to the incorporated town of L.," held, while the writing afforded an insufficient description of the property, equity will decree specific performance when the evidence introduced supplies an adequate and definite proof of the description, sufficient to take the contract out of the statute of frauds.

2. SPECIFIC PERFORMANCE—REFUSAL OF WIFE TO JOIN IN DEED—ABATEMENT OF PURCHASE PRICE.—In an action for specific performance, where the seller's wife refuses to join in the deed the buyer may refuse to accept the conveyance on account of the outstanding inchoate dower right and sue to recover damages for the breach of the contract, or he may accept the conveyance as far as it is within the power of the vendor to give, and have an abatement of the purchase price to the extent of the value of the contingent interest of the wife.

Appeal from Poinsett Chancery Court; *Charles D. Frierson*, Chancellor; affirmed.

*Basil Baker* and *C. T. Carpenter,* for appellant.

1.   The contract is too uncertain and indefinite to support specific performance.   85 Ark. 3.

2.   It can not be made certain by other proof.   85 Ark. 4.

3.   The refusal of the wife to relinquish dower was a good defense.   6 Pom. Eq. 794.   The complainant should be remitted to his legal remedy.   *Ib.*

4.   No effort was made to have the contract reformed.   85 Ark. 4.

*Mardis & Mardis,* for appellee.

1.   The contract is vague and uncertain, but delivery of possession and making valuable improvements on the lots takes the case out of the statute.   46 Ark. 246, 247, 249; 68 *Id.* 150, 157; 91 *Id.* 282.

2.   The refusal of the wife to sign the deed does not affect the rights of appellee.   85 Ark. 3.   The decree is right.

McCULLOCH, C. J.   Defendant is in possession of real estate in Poinsett County, Arkansas, described as lots Nos. 8, 9 and 10, in block 13, of Hirschman's First Addition to the incorporated town of Lepanto, and asserts ownership to said property under an alleged contract of sale executed to him by the plaintiff.   The plaintiff instituted this action to recover possession of the property, and defendant filed an answer and cross bill, setting up title under his alleged purchase from plaintiff, and prayed for a specific performance of said contract.

The contract exhibited by defendant with his cross-complaint describes the property as "two lots in the town of Lepanto, being lots Nos. 8, 9 and 10," and recites that the plaintiff has sold the same to defendant "for a consideration of $300, and him to move his house out of street, according to bond made, and give up possession of that part of land; $1 paid in cash, balance to be paid on delivery of deed."   This is signed by both the plaintiff and the defendant.   The defendant contempora-

neously executed to plaintiff a bond conditioned that he would remove the house from the street; or in the event of his failure to move the house that he would pay the plaintiff $500 as damages. On final hearing of the cause, the court decreed specific performance of plaintiff's contract and plaintiff has appealed to this court.

It is insisted, in the first place, that the contract is not sufficiently definite as to the description of the property to justify a decree for specific performance. Counsel rely upon the case of *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 3, where it was held that a contract for the sale of land, describing it as "section 16-7-4," without any other description, and without specifying the county in which it is situated, was insufficient and unenforceable. The contract exhibited in this case standing alone is too indefinite, but the proof in the case is sufficient to supply the defect. The testimony adduced by defendant is to the effect that he and plaintiff went upon the land and the plaintiff stepped off the lines and pointed it out to him and then wrote the description into the contract. Pursuant to the contract, he took possession of this particular land and moved the house, at considerable expense pursuant to the terms of his bond, which formed a part of the consideration for the contract of sale. It appears further from the testimony that the house which was moved was partly on the land in controversy and had been erected by another party several years ago under contract with the plaintiffs grantor, whereby he was to have the right to remove the house or to purchase the lot on which it was situated. Subsequently, defendant acquired the rights of the person who built the house, and plaintiff purchased these lots, together with considerable other property in that locality, from one Greenwood, who owned the property at the time the house was built. Defendant asserted his right to compensation for the value of the improvements or his right to purchase the property; and it was this controversy which led up to the contract of sale for the lots in controversy.

(1)   Defendant testified, as before stated, that when he and the plaintiff went upon the property to discuss the differences with respect to the defendant's right to have compensation for the house, the proposition was made to sell him these three lots, and the contract was thereupon made. While the writing affords an insufficient description of the property, we are of the opinion that the evidence is sufficient to establish a state of facts which takes the case out of the statute of frauds and supplies the proof of description so as to justify the court of equity in decreeing a specific performance of the contract.

(2)   Plaintiff is a married man and insists that he is unable to perform the contract by reason of the fact that his wife refuses to join in the conveyance, and for that reason the court of equity should not compel performance. The contention of counsel for the plaintiff is that a husband will not be compelled to perform his contract for the sale of land where his wife refuses to join, and that the vendee is remitted to a court of law for his damages resulting from the breach of the contract. The authorities are not altogether in accord, but according to the great weight of authority, the refusal of the wife to join in the deed does not afford sufficient grounds to deny the vendee the right to compel a specific performance of the contract. He may elect to refuse to accept the conveyance on account of the outstanding inchoate dower right and sue to recover damages for the breach of the contract, or he may accept the conveyance of such interest as it is within the power of the vendor to give.  36 Cyc., 744. The authorities are not altogether in accord on this question, and Judge Story, in his work on Equity Jurisprudence, expresses some doubt as to the justice of that rule. 2 Story's Equity Jurisprudence, § 734.  But we are of the opinion that such is the established rule, and that it is the just and equitable one. The real division between the authorities is concerning the question whether if the vendee elects to accept the conveyance he can require an abatement of the price to the extent of the value of the outstanding dower interest.

Upon that question this court is committed to the rule that the vendee may require a deed and have an abate- ment to the extent of the value of the contingent interest of the wife. *Vaughan* v. *Butterfield,* 85 Ark. 289. In that case we followed the Iowa decisions on this point, which hold unqualifiedly that the vendee may require specific performance of his contract and an abatement of the purchase price. *Troutman* v. *Gowing,* 16 Ia. 415; *Leach* v. *Forney,* 21 Ia. 271; *Zebley* v. *Sears,* 38 Ia. 509.

This disposes of the questions presented in the case, and our conclusion is that the decree of the chancellor is correct and it should be affirmed. It is so ordered.