SEBOLD *v.* WILLIAMSON.

4-6622                                             158 S. W. 2d 667

Opinion delivered February 9, 1942.

742

*Elton A. Rieves, Jr.,* for appellant.

*A. B. Shafer* and *W. B. Scott,* for appellee.

McHANEY, J. Appellee brought this action against appellant for specific performance of a contract for the sale by appellant to appellee of the S½ N. W. 5-17, N-6E., Crittenden county for a cash consideration of $5,324.80.

W. A. English and R. A. Scott are partners and are licensed real estate brokers in Earle, Arkansas. On August 20, 1940, appellant entered into a written contract with them, by which he gave them the exclusive right to sell the above described tract of land for the cash consideration stated above, and in which he stated: "and I hereby authorize them to sell or contract with purchaser for the sale and conveyance by warranty deed of said premises according to the price and terms therein given, title to be shown by abstract of title which I agree to furnish." On November 5, 1940, English & Scott sold said land to appellee for the consideration asked, $5,324.80, appellee at that time executing his written offer to buy and paying $100 cash on the purchase price, subject to his approval of the title. English & Scott accepted the offer orally for appellant, as also the $100. They notified appellant of the sale, to which he made no objection, and, at their request, he furnished an abstract of title which appellee examined and approved. A deed was prepared and appellant requested English & Scott to send it to Mrs. Sebold who was in a sanitorium at Ft. Smith, which they did by registered mail, together with a letter dated December 3, 1940, from them advising her of the sale to appellee and of appellant's request to them to send the deed to her for her signature and acknowledgment. She was advised to go before a notary

to execute the deed and acknowledgment and money order for 50 cents was enclosed to pay the notary fee. About two weeks later appellant returned the original letter to Mrs. Sebold, the deed and money order to English & Scott, advising them that Mrs. Sebold refused to execute the deed. Appellee was notified of her refusal and he agreed to accept a deed from appellant alone, with proper abatement of the purchase price for her dower interest. Appellant was so notified and he refused to execute the deed unless he was paid the full amount of the consideration. Under the contract of sale, the purchaser was to be given possession January 1, 1941, and it was stipulated that appellee has not been in possession.

Appellant defended the action on the ground that it was barred by the statute of frauds, § 6059, Pope's Digest, his contention being that there was no written contract between him and appellee for the sale and purchase of said land.

Trial resulted in a decree on July 18, 1941, for the specific performance of the contract, and that the purchase price of $5,324.80 be abated by one-third thereof, or the sum of $1,774.93, and that appellee should pay appellant the difference of $3,549.87,—it having been stipulated that the land in controversy is a new acquisition and that appellant and his wife have living issue born to them. Upon the payment of said sum of $3,549.87, appellant was ordered to execute and deliver a warranty deed to appellee conveying said land, "said deed to contain a provision for the payment to the said Ferdinand Sebold of the additional sum of $1,774.93 in the event said Ferdinand Sebold shall survive his present wife or shall procure a release or conveyance of her dower interest to said H. C. Williamson and a lien to be retained in said deed to secure the payment of said sum," and to deliver possession of said land as of January 1, 1941, or to pay the rents to him. In the event of appellant's failure to comply with this order, the clerk of the court was appointed commissioner to make the conveyance and receive the compensation for appellant.

744

To ·reverse this decree appellant first contends that appellee was not bound by his unaccepted offer to purchase and cannot compel appellant to perform a contract on which he (appellee)· was not bound. That would be true, if such were the fact, but such is not the fact. Appellant, in writing, appointed English & Scott as his agents to sell said lands for the price stated and obligated himself to convey. They found a purchaser on the terms agreed upon, who made a written offer to buy, which was accepted, and actually paid a part of the consideration. English & Scott accepted the offer for appellee who also accepted it by ratifying it. He had an abstract of title made, caused same to be delivered to appellee who approved the title. A deed was prepared for appellant and his wife to sign and he, through his agents, sent same to his wife in Ft. Smith, who declined to sign same. Appellee agreed to accept the title without his wife's signature, if the proper amount should be abated from the purchase price because of her failure, but appellant refused to execute the deed unless he was paid the full amount.

It is contended that, because the written offer of appellee to purchase was not accepted by appellant in writing, specific performance cannot be enforced against him under the statute of frauds, § 6059, Pope's .Digest. That is not the contract appellee seeks to enforce. It is the contract appellant signed with English & Scott, in which he authorized them to sell his land on the terms stated, and by which he bound himself to convey to such a purchaser. Appellee accepted his written offer to sell and he became bound to convey. We, therefore, hold that the court correctly decreed specific performance of the contract.

The other question argued relates to the abatement of the purchase price ordered because of his failure to get his wife to join in the conveyance. It is said the court erred in decreeing that one-third of the purchase price should be withheld on this account. Aside from the fact that appellant is in default and should not be permitted to complain, this court has held that "if the vendee elects to accept the conveyance he can require

an abatement of the price to the extent of value of the outstanding dower interest." *Hirschman* v. *Forehand,* 114 Ark. 436, 170 S. W. 98. It was also there said that, in *Vaughan* v. *Butterfield,* 85 Ark. 289, 107 S. W. 993, "we followed the Iowa decisions on this point, which hold unqualifiedly that the vendee may require specific performance of his contract and an abatement of the purchase price." Citing cases. In *Thompson* v. *Colby,* 127 Ia. 234, 103 N. W. 117, it was held, in such a case, the court was authorized to decree a retention of one-third of the amount found due until the wife should make conveyance of her contingent interest, or until the further order of the court. We think it would be a difficult problem to determine, with reasonable exactness, the value of the wife's possibility of dower where the husband is still living, and that the court did not err in the amount of the abatement decreed to be withheld.

We find no error, so the decree is affirmed.