HAWKINS *v.* LAMB.

4-7882                                        194 S. W. 2d 5

Opinion delivered April 22, 1946.

Rehearing denied May 20, 1946.

*L. A. Hardin,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

HOLT, J. Appellant brought this suit against appellees, Lewis E. Lamb and Thelma W. Lamb, his wife, for specific performance of the following "Contract of Sale": "For and in consideration of the sum of six thousand dollars ($6,000) cash, I, the undersigned, hereby agree to sell and convey to R. E. Hawkins lots one and two (1 and 2) of the Capitol View Addition to the City of Little Rock, Pulaski County, Arkansas, commonly known as 2223 West Markham Street of Little Rock, Arkansas. The said R. E. Hawkins deposits the sum of two hundred and fifty dollars ($250) cash as earnest money, and the balance to be paid upon surrender of abstract of title and title to be approved by R. E. Hawkins' attorney and delivery of a warranty deed to said property by the said Lewis E. Lamb, and in the event of the failure to furnish good title to said property by the said Lewis E. Lamb, said earnest money is to be refunded, otherwise, said earnest money to act as liquidated damages in the event that said vendee should fail to comply with this agreement. I, the undersigned, agree to vacate said property by October 10, 1945, and reserve the right to remove all signs and displays thereon. Signed this the 10th day of September, 1945, Lewis E. Lamb, Vendor, R. E. Hawkins, Vendee."

Prior to the execution of the above contract, on December 31, 1943, Lewis E. Lamb entered into an "Agreement" with T. A. Darragh, the then owner of the two lots here involved, which contained, among others, the following provisions: "This agreement, by and between T. A. Darragh of Little Rock, Arkansas, hereinafter called the vendor, and Lewis E. Lamb of North Little Rock, Arkansas, hereinafter called the vendee, witnesseth: The vendor agrees to sell to the vendee and the vendee agrees to purchase from the vendor, the following property situated in Pulaski county, Arkansas: Lots one (1) and two (2) in Block one (1) of Capitol View Addition to the City of Little Rock, for a price of

three thousand dollars ($3,000) to be represented by one promissory note of the vendee with his wife as co-maker thereof, payable fifty dollars on principal together with six per cent. (6%) interest on the full unpaid principal balance of said note each month, beginning with February 1, 1944, and a like payment on or before the first day of each succeeding month thereafter until the purchase price together with interest thereon be paid. . . . Upon the full payment of said purchase price . . . the vendor will execute and deliver to the vendee at Little Rock, Arkansas, a good and sufficient deed conveying to the vendee, his heirs and assigns, the above described property, such deed to contain a covenant of warranty by the vendor against all liens and encumbrances. . . . (Signed) T. A. Darragh (Vendor), (Signed) Lewis E. Lamb (Vendee).''

On September 26, 1945, following the execution of the contract, *supra,* between Hawkins and Lamb, Lamb paid Darragh $2,000, the balance due on the purchase agreement, *supra,* between Darragh and Lamb dated December 31, 1943, and took title to himself and his wife, appellee, Thelma W. Lamb, as tenants by the entirety to the lots here involved. Appellees procured this $2,000 by mortgaging their home in North Little Rock, which they owned as tenants by the entirety.

Appellee, Thelma W. Lamb, refused to join her husband in a deed of conveyance of the two lots involved to appellant.

Appellant alleged in his complaint, and amendments thereto, that at the time he entered into the contract, *supra,* to purchase the two lots involved here, appellees were the owners of the two lots involved as partners and that in signing the ''Contract of Sale'' with appellant, appellee, Lewis E. Lamb, was acting as agent of this partnership, and that in the event the court should find that they were not partners, the only interest Thelma W. Lamb could have in the two lots would be that of dower, and prayed, first, that the court direct specific performance, or, second, in the alternative, that appellee, Lamb,

vendee under the contract, be required to execute deed to him to the lots in question, with an abatement of the purchase price to the extent of the value of the dower interest of Thelma W. Lamb, his wife.

Appellee denied every material allegation of appellant and further alleged that they owned the two lots, in question here, as tenants by the entirety.

Upon a trial, the court found the issues in favor of appellees, but offered to permit appellant to amend his pleadings so as to allege damages and to offer testimony on this issue. Appellant declined to amend or to submit further testimony, whereupon the court dismissed his complaint and amendments thereto for want of equity. This appeal followed.

In a suit such as we have here, the rule is that the buyer may sue for specific performance or for damages for breach of contract. Here, appellant has elected to sue for specific performance, which was his right. In *Hirschman* v. *Forehand*, 114 Ark. 436, 170 S. W. 98, this court held: (Headnote 2). "In an action for specific performance, where the seller's wife refuses to join in the deed, the buyer may refuse to accept the conveyance on account of the outstanding inchoate dower right and sue to recover damages for the breach of the contract, or he may accept the conveyance as far as it is within the power of the vendor to give, and have an abatement of the purchase price to the extent of the value of the contingent interest of the wife."

First, appellant earnestly contends that appellees were conducting a partnership business and owned the lots here involved as partners. We cannot agree to this contention.

After a careful review of all the testimony, we are of the opinion that the trial court's finding that they were not partners is not against the preponderance of the testimony. While appellant testified that Lamb represented to him that the property in question was the partnership property of appellee, Lamb, and his wife,

Thelma W. Lamb, appellant's father-in-law, J. H. Easley, testified that Lamb told him that he, Lamb, owned the property. Mr. and Mrs. Lamb both testified positively that Mr. Lamb owned the property. The contract in question here is between Lewis E. Lamb, vendor, and R. E. Hawkins, vendee. Mrs. Lamb did not sign this contract and she is not mentioned in it. The agreement between Mr. Darragh and Lewis E. Lamb, dated December 31, 1943, is signed by Darragh as vendor and Lewis E. Lamb as vendee, and under the terms of that agreement, Darragh agreed to convey to Lamb alone. Mrs. Lamb did not sign that agreement. There was no record evidence of a partnership. We think the evidence falls far short of establishing a partnership.

On appellant's second contention, we think there is merit and that the trial court erred in refusing to direct specific performance in accordance with appellant's alternative plea, *supra*. It is our view that in so far as appellant is concerned the only interest in the two lots here, which Mrs. Lamb had, was that of dower. While appellees insist that appellees owned the property as tenants by the entirety, we think the great preponderance, if not all the material testimony, is against this contention. As already indicated, at the time the contract in question here was executed between Hawkins and Lamb, there was an outstanding agreement between Darragh and Lamb whereby Darragh agreed to sell and Lamb agreed to buy the property here, and there was no record or other evidence of ownership of these two lots by appellees as tenants by the entirety as appellees claimed. The fact that appellees, some two weeks after the contract between appellant and Lamb was entered into, secured a deed from Darragh to them as tenants by the entirety adds no strength whatever to appellees' contention. Appellant was in the position of an innocent purchaser without notice and entitled to specific performance as against Lewis E. Lamb.

As indicated, when appellees took deed to these lots on September 26, 1945, they did so, obviously, with notice

of appellant's sales contract with Lewis E. Lamb dated September 10, 1945, which appellant seeks to enforce here. The principles of law announced in *Valley Planing Mill Company* v. *Lena Lumber Company,* 168 Ark. 1133, 272 S. W. 860, apply here. It was there held: (Headnote 4). "One who purchased land with full knowledge that the vendor had contracted to sell the land to another and that a cash payment had been made, and completion was awaiting the approval of an indorsement of the purchase money notes, held not an innocent purchaser, though he was informed by his vendor that the deal had fallen through, no inquiry from the other party having been made."

Appellees argue that the original agreement to purchase made by Darragh and Lamb in December, 1943, *supra,* was for the benefit of appellees jointly and that the deed subsequently issued to them jointly by Darragh was in furtherance of that agreement, and cites in support thereof *Roach* v. *Richardson,* 84 Ark. 37, 104 S. W. 538. We cannot agree that appellees' contention finds support in the Roach case. There, the issue was whether the bond for title was in both the husband and wife, or was in the husband's name alone, and the court's finding that it was in the name of both husband and wife was upheld by this court. It was there said: "Appellee, Ed Richardson, testified that he had seen and read a bond for title, or an agreement for the sale of the land in controversy, made by W. C. Gregson and S. E. Gregson to Sallie and John Whitson, and also two notes of two hundred each, executed by Sallie Whitson and John Whitson to Gregson for part of the purchase money; that these papers were in the possession of his wife, who was formerly Sallie Whitson, and that he and his wife, not considering them of any value, destroyed them. In view of this testimony, we cannot say that the finding of the chancellor was clearly against the preponderance of the evidence."

The facts here, however, are different. It is undisputed here that the contract before us was signed only

by T. A. Darragh as vendor and Lewis E. Lamb as vendee, and as indicated, we think the court's finding that Thelma W. Lamb had any greater interest in the lots than that of dower is against the preponderance of the evidence.

In the recent case of *Sebold* v. *Williamson,* 203 Ark. 741, 158 S. W. 2d 667, we reaffirmed our holding in the *Hirschman* v. *Forehand* case, *supra,* and said: "This court has held that 'if the vendee elects to accept the conveyance he can require an abatement of the price to the extent of value of the outstanding dower interests.' *Hirschman* v. *Forehand,* 114 Ark. 436, 170 S. W. 98. It was also there said that, in *Vaughan* v. *Butterfield,* 85 Ark. 289, 107 S. W. 993, 122 Am. St. Rep. 31, 'we followed the Iowa decisions on this point, which hold unqualifiedly that the vendee may require specific performance of his contract and an abatement of the purchase price. Citing cases. In *Thompson* v. *Colby,* 127 Ia. 234, 103 N. W. 117, it was held, in such a case, the court was authorized to decree a retention of one-third of the amount found due until the wife should make conveyance of her contingent interest, or until the further order of the court. We think it would be a difficult problem to determine, with reasonable exactness, the value of the wife's possibility of dower where the husband is still living, and that the court did not err in the amount of the abatement decreed to be withheld."

For the error indicated, the decree is reversed and the cause remanded with directions to enter a decree not inconsistent with this opinion.

GRIFFIN SMITH, C. J., dissents.