REED *v.* PHILLIPS.

4-3891

Opinion delivered June 3, 1935.

*G. E. Garner,* for appellant.
*Sid J. Reid,* for appellee.

McHANEY, J. On the 28th day of March, 1934, appellant, O. F. Reed, entered into a written agreement with appellee whereby he leased to appellee during the months of April to December, inclusive, 1934, his ice plant in the town of Rison, consisting of the west twenty-five feet of lot 4 and all of lot 5 in block 9 in said town and all the buildings, machinery and fixtures thereon, for the sum of $2,000 to be paid in monthly installments beginning May 1, and ending September 1, 1934. The contract further provided for an option for the appellee to buy the property for the sum of $5,000, of which the $2,000 paid as rent was to be a credit thereon, and the balance of $3,000 to be paid in two equal installments of $1,500 each on October 1, 1935 and 1936. The option to buy should be made before the 1st day of January, 1935, and the deferred installments of purchase price bore interest at 8 per cent. per annum. The contract further provides:

"As a part of said machinery and fixtures and buildings is now on that part of lot 4, or east 15 feet of said lot, the same is rented to said party of second part, and, in case he decides to buy the balance of said property as aforesaid, then he is to have the said east 15 feet of said lot 4 in block 9 for the sum of $50 to be paid in ice at the price which it is sold to others at that time."

The rent price was paid and accepted by appellant and appellee exercised the option to purchase within the time specified and offered to carry out the contract according to its terms, demanded of appellant that he comply with the contract by executing and delivering to him a deed for the property leased and for the east 15 feet of said lot 4. Appellant refused to do so, and appellee brought suit for specific performance. There was a decree in appellee's favor requiring appellant to convey by warranty deed.

Appellant defended on the ground that his wife did not join in the lease contract and could not be compelled to relinquish her dower interest. The court took this matter into consideration, determined the value of her dower interest and abated the purchase price to the ex-

tent thereof. Appellee had two remedies in the case; he could sue as for breach or specific performance. He elected the latter remedy. He was therefore entitled to have the contract performed to the extent the vendor could perform it and to have an abatement out of the purchase price for any deficiency in title on account of the outstanding dower interest. This court has many times so decided. *Hirschman* v. *Forehand,* 114 Ark. 436, 170 S. W. 98.

It was agreed at the trial that the Bank of Rison held a mortgage on the property in litigation in the amount of $447. In the decree of the court, appellee was given the right to pay said indebtedness and take credit on the deferred payment. This he had a right to do.

As to the east 15 feet of lot 4, it developed that appellant did not own said parcel of land. It is contended by appellant that he should not be compelled to convey property that he did not own. It is insisted by appellee that appellant was the agent of the owner, one W. S. Moody, who by his acquiescence has estopped himself to deny Reed's authority as his agent. The facts show that a part of the buildings is located on the fifteen feet. Appellant has exercised acts of ownership over said lot, leased it to appellee and otherwise dealt with it as his own. It may be that he had no authority to sell said lot. We are unwilling to say that he did have the right to sell and convey title thereto. He has been paid $37.50 of the purchase price and the additional $12.50 has been deposited in the registry of the court. Appellant should be required either to obtain the title to the property from Moody and convey it to appellee, or, if unable to do so, the purchase price should be abated by the value of the property to which the title fails.

The case will be reversed, and the cause remanded for further proceedings in accordance with this opinion at the cost of appellant.